UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN L. GARCIA ESQUEDA, M.D.<br><br>*Plaintiff,*<br><br>– against –<br><br>NYU LANGONE HOSPITALS, NABIL N. DAGHER, M.D., in his corporate and individual capacities, H. LEON PACHTER, M.D. F.A.C.S, in his corporate and individual capacities, ZOE STEWART-LEWIS, MD, in her corporate and individual capacities, BRUCE GELB, MD, in his individual and corporate capacities, and JOHN DOES 1 through 10, in their corporate and individual capacities,<br><br>*Defendants.* | **Case No. 21-cv-10267-JMF**<br><br>**STIPULATED CONFIDENTIALITY ORDER** |

**WHEREAS**, this matter having come before the Court by stipulation of Plaintiff, Jonathan L. Garcia Esqueda, M.D. ("Plaintiff"), and Defendants, NYU Langone Health f/k/a NYU Hospitals Center s/h/a "NYU Langone Hospitals" ("NYULH"), Nabil N. Dagher, M.D., H. Leon Pachter, M.D., Zoe A. Stewart Lewis, M.D., Ph.D., Bonnie E. Lonze, M.D., Ph.D., and Bruce E. Gelb, M.D. (collectively, "Defendants"), (Plaintiff and Defendants are each individually referred to herein as a "Party" and collectively referred to herein as the "Parties"), for the entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c), limiting the review, copying, dissemination and filing of confidential and proprietary documents and information to be produced by either Party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the Parties by and between and among their respective counsel having stipulated and agreed to the terms set forth herein, and good cause having been shown;

**IT IS HEREBY ORDERED** that any person subject to this Stipulated Confidentiality Order (the "Order") – including without limitation the Parties to this action (including their

respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order - will adhere to the following terms, upon pain of contempt:

1. A Party may designate all or portions of any information, materials, or documents produced or furnished by that Party pursuant to discovery or otherwise during the course of this litigation as "Confidential" or "Confidential – Attorneys' Eyes Only" subject to the terms of this Order.

2. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

3. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as "Confidential" only such material that it reasonably and in good faith believes consists of: (a) trade secrets or other information of a non-public nature considered by the Producing Party to be commercially or personally sensitive, confidential and/or proprietary, including, but not limited to, any NYULH patient care, fiscal, or personnel information; or (b) other competitively sensitive or proprietary research, analysis, development, marketing, financial or commercial information, including, but not limited to, any NYULH patient care, fiscal, or personnel information.

4. Information designated as "Confidential – Attorneys Eyes Only" shall be disclosed only to in-house and outside attorneys for the Parties to this action, their authorized secretarial and

legal assistant staff and to outside experts retained or consulted with by the Parties or their attorneys for purposes of this litigation. No documents or information designated "Confidential – Attorneys Eyes Only" shall be disclosed to any individual Party to this action or to any officer, director or employee of any Party who is not an attorney, except by written stipulation of the Parties or by order of the Court, pursuant to the procedure set forth herein.

5. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" or "Confidential – Attorneys' Eyes Only" by: (a) stamping or otherwise clearly marking as Confidential" or "Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

6. With respect to the Confidential portion of any Discovery Material, which are NYULH documents or information, produced by or on behalf of any Party or non-party, NYU or its counsel may designated such documents or information Confidential or Confidential – Attorneys' Eyes Only.

7. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as "Confidential" or "Confidential – Attorneys' Eyes Only" either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential" or "Confidential – Attorneys' Eyes Only" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after receiving a copy of the deposition transcript, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Confidential – Attorneys' Eyes Only" in which case all counsel receiving the transcript will be

responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period, all Parties will treat the entire deposition transcript as if it had been designated "Confidential" or "Confidential – Attorneys' Eyes Only."

8. A Party shall not be obligated to challenge the propriety of a designation of "Confidential" or "Confidential – Attorneys' Eyes Only" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any Party to this litigation disagrees at any stage of these proceedings with the designation of "Confidential" or "Confidential – Attorneys' Eyes Only," the Parties shall try first to dispose of such dispute in good faith on an informal basis. If any party receiving material marked "Confidential or Confidential Attorneys' Eyes Only" objects, to the producing party, in writing to the designation thereof, the producing party may request a ruling from the court to maintain said material as Confidential. If the producing party does not make such a request within seven (7) days of the receipt of the other party's written objection, then the issue will be deemed waived by the producing party and said material will not be deemed Confidential or Confidential Attorneys Eyes Only. The parties will maintain said material as Confidential in accordance with this stipulation pending a determination by the court on the producing party's request. The Party opposing such designation shall not object to the designating Party filing the information at issue with the Court under seal in order for the Court to resolve the matter.

9. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

10. Where a Producing Party has designated Discovery Material as "Confidential," other persons subject to this Order may disclose such information only to the following persons:

    (a)    the Parties to this action, their insurers, and counsel to their insurers;

    (b)    auditors or accountants for any Party;

    (c)    counsel retained specifically for this action, including any in-house and outside counsel, and any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    (d)    outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

    (e)    any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;

    (f)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    (g)    any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (h)    any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (i)    stenographers, court reporters and videographers engaged to transcribe depositions the Parties conduct in this action; and

    (j)    this Court (including any person having access to any Confidential Information by virtue of the person's position with the Court).

11. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 9(g), or 9(h) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed

Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. In the event that such person refuses to sign an agreement in the form attached as Exhibit A, the Party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

12. The disclosure of a document or information without designating it as "Confidential" or "Confidential Attorneys' Eyes Only" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided the material is designated pursuant to the procedures set forth herein no later than thirty (30) days after the production of the document or information or other time period permitted by the Court or so agreed to by the Parties. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all of the terms of this Order.

13. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Public Access to Court Electronic Records ("PACER") Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal to the extent permitted by law (including, without limitation, in accordance with and as provided in any applicable rules of the Court) with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

14. Recipients of Discovery Material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" under this Order may use such material solely for the prosecution and

defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

15. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

16. Each person who has access to Discovery Material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. Within 60 days of the final disposition of this action - including all appeals - all recipients of Discovery Material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" must either return it - including all copies thereof - to the Producing Party, or, upon permission of the Producing Party, destroy such material- including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically

retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material.  Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

18. This Order is effective *nunc pro tunc* from December 2, 2021 (the date of the Complaint), and will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

19. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated:   September 8, 2022

**SO STIPULATED AND AGREED:**

| | |
|---|---|
| **LAW OFFICES OF**<br>**JIMMY M. SANTOS, PLLC** | **TARTER KRINSKY & DROGIN LLP** |
| By: _/S/__*Jimmy M. Santos*_____<br>     Jimmy M. Santos<br>     28 Wilson Place<br>     Cornwall, New York 12518<br>     (845) 534-3185<br>     jmssesq@gmail.com<br><br>*Attorneys for Plaintiff* | By: _*/s/ Richard L. Steer*_____<br>     Richard L. Steer<br>     Tara Toevs Carolan<br>     Ingrid J. Cardona<br>     1350 Broadway, 11th Floor<br>     New York, New York 10018<br>     (212) 216-8000<br>     rsteer@tarterkrinsky.com<br>     tcarolan@tarterkrinsky.com<br>     icardona@tarterkrinsky.com<br><br>*Attorneys for NYU Langone Health f/k/a NYU Hospitals Center s/h/a "NYU Langone Hospitals," Nabil N. Dagher, M.D., H. Leon Pachter, M.D., Zoe A. Stewart Lewis, M.D., Ph.D., Bonnie E. Lonze, M.D., Ph.D., and Bruce E. Gelb, M.D.* |

SO ORDERED this  8  day of September, 2022

_____
JESSE M. FURMAN
United States District Judge

This stipulation binds the parties to treat as confidential the documents so classified.  This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  S*ee generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order.  *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
JONATHAN L. GARCIA ESQUEDA, M.D.,                  :

                Case No. 21-CV-10267-JMF

        *Plaintiff*,                                                        :

                **NON-DISCLOSURE**
  - against -                                             :  **AGREEMENT PURSUANT**
                **TO STIPULATED**

NYU LANGONE HOSPITALS, NABIL N. DAGHER,      :  **CONFIDENTIALITY**
M.D., in his corporate and individual capacities, H. LEON     **ORDER**
PACHTER, M.D. F.A.C.S, in his corporate and individual :
capacities, ZOE STEWART-LEWIS, MD, in her corporate
and individual capacities, BRUCE GELB, MD, in his                   :
individual and corporate capacities, and JOHN DOES 1
through 10, in their corporate and individual capacities,          :

        *Defendants*.                                                  :
------------------------------------------------------------------------X

        I, _____, acknowledge and agree that:

    1.    My address is _____.

    2.    My present employer is _____.

    3.    My present occupation or job title is _____.

    4.    I received a copy of the Stipulated Confidentiality Order ("Order"), entered into the above-captioned action, on _____, 20__.

    5.    I have carefully read and understand the provisions of the Protective Order.

    6.    I will comply with all of the provisions of the Protective Order.

    7.    I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any Confidential Material that is disclosed to me.

    8.    I will return all Confidential Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Material.

    9.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation in this action.

Name (Signed): _____     Dated: _____

Name (Printed): _____